IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eric Alexander Dawson,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner<br>of Social Security,<br><br>    Defendant. | Civil Action No. 8:11-1759-RMG<br><br>**ORDER** |

    Plaintiff has brought this action *pro se* pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for disability insurance benefits. In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation on October 31, 2012, recommending that the Commissioner's decision be reversed and remanded. (Dkt. No. 36). The Commissioner filed objections to the Magistrate Judge's report and Plaintiff filed a reply. (Dkt. Nos. 39, 45). As explained more fully below, the Court adopts the Report and Recommendation of the Magistrate Judge, reverses the decision of the Commissioner, and remands the matter for further action consistent with this order.

**Legal Standard**

    The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo*

determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). This is particularly true where the claimant is *pro se* since the Court should liberally construe all pleadings and confirm the Commissioner fulfilled his obligation to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts" in the record of the unrepresented party. *Marsh v. Harris*, 632 F.2d 296, 299 (4th Cir. 1980) (citing *Gold v. Sec'y of Health, Educ. and Welfare*, 463 F.2d 38, 43 (2nd Cir. 1972)). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *See Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

The Commissioner, in passing upon an application for disability benefits, is required to undertake a five-step sequential process. At Step One, the Commissioner must determine whether

the applicant is engaged in substantial gainful work. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is not engaged in substantial gainful employment, the Commissioner proceeds to Step Two, which involves a determination whether the claimant has any "severe medically determinable physical or mental impairment." *Id.* § 404.1520(a)(4)(ii). If the claimant has one or more severe impairments, the Commissioner proceeds to Step Three, which involves a determination whether any impairment of the claimant satisfies any one of a designated list of impairments that would automatically render the claimant disabled. *Id.* § 404.1520(a)(4)(iii).

If the claimant does not have a listed impairment, the Commissioner must proceed to Step Four, which involves an assessment of the claimant's Residual Functional Capacity ("RFC"). *Id.* § 404.1520(a)(4)(iv). This requires assessment of the claimant's ability "to meet the physical, mental, sensory, and other requirements of work . . . ." *Id.* § 404.1545(a)(4). In determining the claimant's RFC, the Commissioner "must first identify the individual's functional limitations or restrictions" and provide a narrative "describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence . . . ." SSR 96-8P, 61 Fed. Reg. 34474, 34475, 34478 (July 2, 1996).

Once the claimant's RFC determined, the Commissioner must assess whether the claimant can do his past relevant work. 20 C.F.R. §§ 404.1520(4)(iv), 1545(a)(5)(i). If the claimant, notwithstanding the RFC determination, can still perform his past relevant work, he is deemed not to be disabled. If the claimant cannot perform his past relevant work, the Commissioner then proceeds to Step Five to determine if there is other available work in the national economy he can perform in light of the RFC determination. *Id.* § 404.1520(a)(4)(v).

## Discussion

Plaintiff asserts in his application for disability that he is disabled because of a variety of medically-related impairments, including degenerative conditions in his back, knee and shoulder and diabetes. The ALJ found that Plaintiff had severe impairments including "hepatis C, degenerative joint disease, shoulder dysfunction/arthritis/degenerative joint disease, back disorder with pain and diabetes mellitus with neuropathy." Transcript of Record ("Tr.") at 12. After determining that Plaintiff had no impairment satisfying the listings at Step Three, the ALJ made a finding that Plaintiff had the RFC to perform light work. *Id.* at 13. He further found Plaintiff could lift/carry twenty pounds occasionally and ten pounds frequently, sit six hours in an eight hour day and stand/walk for six hours out of an eight hour day. *Id.*

Having determined that Plaintiff had the RFC to do light work, the ALJ then assessed whether Plaintiff could return to his past relevant work as a night watchman, reader/scorer or pizza deliverer. The ALJ found that "the claimant is able to perform [such prior relevant work] as it is actually and generally performed." *Id.* at 15. The ALJ then proceeded to add that he concurred with the vocational expert's opinion that the claimant could perform his past relevant work as a night watchman and reader/scorer "with restrictions in operating foot controls; in overhead lifting and in right foot pushing . . . ." *Id.* at 15.

The Magistrate Judge found the ALJ's reference to restrictions in Plaintiff's functioning during the discussion of Plaintiff's past relevant work perplexing since there was no mention of such restrictions in the residual functional capacity assessment. (Dkt. No. 36 at 20). This is not a small matter. Since every residual functional capacity assessment "must first identify the individual's functional limitations" and the fact finder must then in narrative form describe "how the evidence

supports each conclusion . . . ," the failure to address the claimant's functional limitations in the RFC assessment makes substantial evidence review of the RFC essentially impossible. SSR 96-8P, 61 Fed. Reg. at 34475, 34478.

The Commissioner argues that the ALJ actually rejected the functional limitations referenced in the discussion of past relevant work, making the reference to the limitations in the decision something like idle chatter. Another logical interpretation is that the ALJ meant to incorporate the functional limitations into the RFC assessment and inadvertently failed to do so. In any event, the Court can not be left to guess the meaning of an unclearly articulated decision. Remand is therefore necessary so that the agency can clearly and unambiguously identify all functional limitations that form part of the RFC assessment, and provide a narrative statement describing how the evidence supports the conclusions it reaches. Only then will this Court be able to make a substantial evidence review of such a RFC assessment.

## Conclusion

Based upon the foregoing, the Court hereby **ADOPTS** the Report and Recommendation of the Magistrate Judge, **REVERSES** the decision of the Commissioner and **REMANDS** this matter for further proceedings consistent with this opinion pursuant to Sentence Four of 42 U.S.C. § 405(g).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

January 22, 2013
Charleston, South Carolina